Walter Stephaniv
16 Tyler Place
Amherst, MA  01002
dr.stephaniv@comcast.net

Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

WALTER STEPHANIV,

    Plaintiff,

vs.

California Bar Association (CALBAR)
Gayle Murphy
Deborah Barrientos
Consultant(s)
CALBAR Support Staff Member(s)

    Defendants

Case No. CV 09 2659 EDL

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

E-filing

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because Defendants conduct their business in this district and a substantial amount of acts and omissions, giving rise to this lawsuit, occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions, which gave rise to this lawsuit, occurred in Marin County.

4. Plaintiff (Walter Stephaniv) was a first year law student in the Juris Doctor program at Concord Law School. Plaintiff is an individual with multiple disabilities as defined in the American with Disabilities Act. Plaintiff's multiple disabilities which limit life activities also limit his abilities to take standard tests.

Plaintiff entered Concord Law School in July of 2006 and diligently petitioned both Concord Law School and CALBAR around August of 2006 for accommodations for taking standardized tests under the American with Disabilities Act. Based on information received, Concord Law School granted accommodations in January of 2007 under the American with Disabilities Act to allow Plaintiff to take his mid year exams and to allow Plaintiff to pursue his course of studies. Prior to that, Concord Law School filed the requisite documentation for granting these accommodations by filing Form F with CALBAR. Plaintiff was in contact with the staff at the San Francisco CALBAR Office prior to this and throughout May of 2007 and was assured by Deborah Barrientos and the support staff that his case was under review by the CALBAR Consultant(s). In May of 2007 Plaintiff received a letter from CALBAR stating that there was no record of Plaintiff's petition of accommodations under the American with Disabilities Act. In a subsequent phone call to the staff at the San Francisco CALBAR office Plaintiff was informed by the CALBAR staff that they could not find any of the Plaintiff's paperwork. Plaintiff subsequently resubmitted the ADA documentation paperwork and requested that Concord Law School resubmit the paperwork and required Form F to CALBAR one more time. In the interim, Plaintiff was able to successfully complete his final exams for his first year law school studies with accommodations granted by Concord Law School. Under a review done in the next few weeks, CALBAR denied all of Plaintiff's requests for accommodations for the June 26, 2007 First Year Law School Exam (FYLSE). Following that, CALBAR refused to return exam fees to Plaintiff citing that the deadline for a request had passed. As a result of not being able to take the First Year Law School Exam with accommodations, the Plaintiff was not able to continue in the Juris Doctor Program at Concord Law School.

    5. Plaintiff makes a claim under Title II, section 35.104 and alternately Title III section 36.104 in the American with Disabilities Act. Under these Titles,

the Plaintiff has met the requirements for the definition of being disabled. Plaintiff has documented physiological origins for his limitations, provided a history of the impact of these disabilities, and provided adequate examples of how this disability has manifested itself in the Plaintiff's life. Plaintiff has provided ample examples and documentation of how Plaintiff has been discriminated in the past going back many decades. Furthermore, Plaintiff has provided data about current professional status to support that Plaintiff is regarded as having multiple disabilities by those working with the Plaintiff.

6. Plaintiff maintains that Defendants either negligently or intentionally lost Plaintiff's file and records between January 2007 (or earlier) and May of 2007.

7. Plaintiff maintains that Defendant's misrepresented the status of Plaintiff's file and records from January 2007 through May of 2007.

8. Plaintiff maintains that CALBAR negligently entrusted Plaintiff's file to Consultant.

9. Plaintiff maintains that Consultant(s) maintained a prejudice in reviewing Plaintiff's file. Plaintiff further maintains that Consultant(s) failed to adequately interpret documented information about Plaintiff's disabilities; failed to elicit supplemental information necessary to understand Plaintiff's disabilities; and lacked the training and expertise in dealing with individuals with Plaintiff's set of multiple disabilities.

10. Plaintiff maintains that CALBAR was predisposed to deny Plaintiff's petition for accommodations under the American With Disabilities act and did not grant accommodations despite the preponderance of data to support such accommodations including but not limited to ongoing observations and professional assessments of the impact of the Plaintiff's disabilities on the Plaintiff's actual work performance over a near two year period.

11. Defendants' delays in reviewing Plaintiff's petition were excessive and unreasonable and frustrated the purpose of Plaintiff's course of study. The

protracted nature of the review and appeal process essentially amounted to a functional denial of Plaintiff's petition for testing accommodations under the American with Disabilities Act.

12. As a result of Defendants' delays, cited above, Defendants prevented the Plaintiff from withdrawing from the First Year Law School Exam with minimal cost.

13. As a result of Defendants' actions and omissions and CALBAR's eventual denial for test accommodations, Plaintiff was denied access to continue his course of study within the Juris Doctor program at Concord Law School. Plaintiff cites violation of Title II, and alternatively Title III, of the American With Disabilities Act.

14. **Supplemental Jurisdiction.** Under 28 U.S.C. § 1367., the Plaintiff also petitions for relief in civil action under state statutes. Plaintiff cites Cal. Gov't Code § 11135 and alternatively Unruh Act, Calif. Civil Code § 51 under state statues.

15. As a result of Defendants' delays and denial of granting of test accommodations for the June 26 2007 administration of the First Year Law School Exam, the Plaintiff suffered monetary damages. Plaintiff lost significant compensation by preparing for and holding open the time frame necessary to take the First Year Law School Exam in June of 2007. The unrealized opportunity, and delay in informing Plaintiff of a potential denial prevented Plaintiff from accepting professional teaching and other professionally compensated duties during the time frame of the First Year Law School Exam.

16. Plaintiff also has lost possible professional advancement and loss of earning potential as a result of not being able to complete his Juris Doctor program.

17. Plaintiff maintains that Defendants' delay and denial lead to intentional, and alternatively, negligent interference in Plaintiff's contract to

participate in the Juris Doctor Program with Concord Law School.

18. Plaintiff also maintains, that as a result of Defendants' delay and denial of Plaintiff's petition for test accommodations, will result in the Plaintiff having to (1) sacrifice significant amounts of professionally compensated professional time to once again study material from his first year of study to be able to resume his course of studies and (2) make preparations take the First Year Law School Exam again sometime in the future.

19. Plaintiff maintains that Defendants violated California Government Code § 11135, and alternatively, Unruh Act, Calif. Civil Code § 51.

20. **Prayer for relief.** Plaintiff seeks to have the same accommodations granted to him by CALBAR to take the First Year Law School Exam and all subsequent examinations with CALBAR that were granted to him by Concord Law School during the Plaintiff's first year exams at Concord Law School. The Plaintiff's success in taking the midterm and final exams at Concord Law School justifies the nature and scope of accommodations. Due to the length of time since the end of Plaintiff's first year, Plaintiff requests sufficient time to once again prepare for such exams. Plaintiff further seeks to have all monies paid to CALBAR and SofTest for his June 2007 First Year Law School Exam to be applied to the future exam. Plaintiff also demands monetary judgment in the amount equal to compensate the Plaintiff for the all of the harm the Plaintiff has suffered, all of the losses Plaintiff has incurred, plus anticipated losses resulting from above negligent and intentional actions and denial of rights under applicable federal and state laws.

21. Plaintiff makes a demand for a jury trial.

_____    6/12/09
Walter Stephaniv                    Date